UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cr-00061-JPH-TAB |
| ) | |
| JOEL CASTILLO, ) | -01 |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION TO DISMISS INDICTMENT**

Defendant, Joel Castillo, has filed a motion to dismiss the indictment, arguing that a 115-day delay before his initial hearing violated Federal Rule of Criminal Procedure 5(a)(1)(A)'s requirement that he be brought "without unnecessary delay before a magistrate judge." Dkt. 25. He also argues that he was denied his right to be tried within seventy days of the indictment in violation of the Speedy Trial Act. *Id.* (citing 18 U.S.C. § 3161(c)(1). The government concedes the Rule 5(a)(1)(A) violation but argues that dismissing the indictment is not an appropriate remedy. Dkt. 31 at 6.

Although Rule 5(a)(1)(A)'s requirements were not satisfied here, dismissal is not a proper remedy. *See United States v. Peeples*, 962 F.3d 677, 685–86, 686 nn.22, 26 (2d Cir. 2020) (collecting Supreme Court cases "confirm[ing] that the remedy for [a Rule 5(a)] violation is the exclusion of evidence, not dismissal of a criminal case"); *United States v. Cabezas-Montano*, 949 F.3d 567, 591 (11th Cir. 2020); *United States v. Cooke*, 853 F.3d 464, 471 (8th Cir. 2017) ("[T]he appropriate remedy for a violation of Rule 5(a)(1)(A) is not dismissal of

1

an indictment, but suppression of evidence illegally obtained as a result of the violation."); *United States v. Dyer*, 325 F.3d 464, 470 n.2 (3d Cir. 2003) ("[T]he remedy for such a violation is not dismissal of the indictment."); *Lovelace v. United States*, 357 F.2d 306, 309–10 (5th Cir. 1966); *United States v. Taylor*, No. 10-CR-16, 2010 WL 2425922 at *2 (E.D. Wis. 2010).[1]

Indeed, Mr. Castillo cites no authority from any court of appeals or any court in the Seventh Circuit showing that dismissal is an appropriate remedy for Rule 5(a) violations. *See* dkt. 32. Instead, he relies on *United States v. Osunde*, 638 F. Supp. 171 (N.D. Cal. 1986), and *United States v. Contreras*, 197 F. Supp. 2d 1173 (N.D. Iowa 2002). *Osunde* is an outlier that dismissed an indictment for a Rule 5(a) violation even though the court there found no "case law supporting dismissal, rather than suppression of evidence, for flagrant violations of Rule 5(a)." 638 F. Supp. at 176. *Osunde* has not been applied in the Seventh Circuit, and Mr. Castillo does not cite any case applying it except *Contreras*. But *Contreras* did not dismiss an indictment solely for a Rule 5(a) violation. 197 F. Supp. 2d at 1177–78. Instead, it found a Speedy Trial Act violation for failing to indict the defendant within the thirty days of arrest, which triggered "mandatory dismissal" under 18 U.S.C. § 3162(a)(1). *Id.*

Here, unlike in *Contreras*, there is no Speedy Trial Act violation. The Speedy Trial Act requires that a defendant's trial begin "within seventy days

---

[1] Dismissal of the indictment may be possible under the Court's supervisory powers. *See Taylor*, 2010 WL 2425922 at *2. But Mr. Castillo does not allege widespread violations or "flagrant" prosecutorial misconduct justifying the exercise of supervisory powers, which "are to be used sparingly." *Id.*; *see* dkt. 32.

from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Here, Mr. Castillo's initial appearance was on June 3, 2020, dkt. 16, and his trial was set for fewer than seventy days later, on August 3, 2020, dkt. 13. While the conceded Rule 5(a)(1)(A) violation delayed the initial appearance, it is still that appearance—rather than the date that Mr. Castillo "'should have been' brought before a judicial officer"—that started the Speedy Trial Act's clock. *United States v. Wilkerson*, 170 F.3d 1040, 1042 (11th Cir. 1999). There is therefore no Speedy Trial Act violation requiring the dismissal of the indictment.

Because dismissal of the indictment is not an appropriate remedy for the conceded Rule 5(a)(1)(A) violation, Mr. Castillo's motion to dismiss is **DENIED**. Dkt. [25].

**SO ORDERED.**

Date: 11/17/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Michael J. Donahoe
INDIANA FEDERAL COMMUNITY DEFENDERS
mike.donahoe@fd.org

Jeremy A. Morris
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeremy.morris@usdoj.gov